Plaintiff appeals the Deputy Commissioner's Order of Removal, which included sanctions against the plaintiff because he did not personally appear at the hearing. This Order was clearly entered in the erroneous belief that plaintiff had requested the hearing. (See the first line of the Order and Tr. pps. 2 and 10, referencing defendants' Form 33.) This was due in some part to defendants' counsel's failure to recollect that she had submitted the request for hearing, and perhaps the issues she specified. (See Tr. pps. 2 and 4.)
Plaintiff had been injured when a rope he was pulling on at work broke, causing him to fall on a sharp rock. Some bulging of a disk was later detected, but surgery was not recommended. His physician at Thoms Rehabilitation Center noted that plaintiff had a 12-13 year history of ulcerative colitis and recorded that plaintiff's doctor for this malady had advised him to stop exercising when the condition flared, and this apparently inhibited physical therapy. Plaintiff complained that medications for his back worsened his colitis. The Thoms physician did not prescribe medications due to this condition. When interviewed on July 23, 1993, the claimant told a rehabilitation nurse assigned by defendants that he had increased activity, "helping his brother with his building business", and that he was "`bored out of his head' and wanted to get back to work, if he was able to do so". Apparently inspired by a videotape of such activities, a Form 24 Application of Employer or Insurance Carrier to Stop Payment of Compensation was filed at the Commission on July 30, 1993. It was not opposed by the plaintiff, and was approved on August 16, 1993. Nonetheless, on October 7, the defendants filed a Form 33 declaring a hearing was necessary because the "employer denies employee's claim of temporary total disability and contends that he has reached maximum medical improvement." The employee responded on a Form 33R that, "Employer and employee disagree on extent of employee's injury and degree of compensability for the injury", entered nothing under the "compensability denied" section of the form, and listed only physicians as witnesses. Plaintiff had no obligation to attend the hearing.
Wherefore, IT IS ORDERED that the parties have 60 days from the date hereof to submit medical evidence of plaintiff's permanent partial disability, if any, as a result of the admitted injury by accident to the Full Commission. Any requests for extension of time or other matters concerning the evidence shall be directed to Commissioner Ballance.
Defendants shall pay the costs of these proceedings.
 S/ ___________________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _________________ THOMAS J. BOLCH COMMISSIONER
S/ _________________ BERNADINE S. BALLANCE COMMISSIONER
JRW/md 1/23/97